UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION


JEFFERY STALLWORTH                                    PLAINTIFF

VS.                         CIVIL ACTION NO. 3:24-cv-83-TSL-RPM

NEWREZ LLC DBA SHELLPOINT
MORTGAGE SERVICING CO.;
BANK OF AMERICA, N.A.;
TRANSUNION; TRUSTMARK NATIONAL BANK;
MORTGAGE ELECTRONIC REGISTRATION SYSTEM,
INC.; PAUL HASTINGS; and JOHN DOES
1 THROUGH 10                                          DEFENDANTS


MEMORANDUM OPINION AND ORDER

        This cause is before the court on the motion of defendant

Trustmark National Bank (Trustmark) to dismiss pursuant to

Federal Rule of Civil Procedure Rule 12(b)(6) or, alternatively,

for summary judgment pursuant to Rule 56, and separate Rule

12(b)(6) motions to dismiss by defendants Bank of America, N.A.

(Bank of America) and Newrez LLC d/b/a Shellpoint Mortgage

Servicing Co. (Newrez).  Plaintiff Jeffery Stallworth has

responded in opposition to the motions, and has also filed a

motion to stay.  The court, having considered the memoranda of

authorities submitted by the parties, and having also considered

the exhibits submitted in connection with Trustmark's summary

judgment motion, concludes that defendant Trustmark's motion for

summary judgment should be granted; that defendants Newrez's and

Bank of America's motions to dismiss should be granted in part

1

and denied in part; and that plaintiff should be granted leave
to amend his complaint as set forth herein.  The court further
finds that plaintiff's motion to stay should be denied.

<u>The Complaint</u>

Plaintiff's complaint in this cause includes allegations
and claims relating to two separate loans.  The first was a 2007
residential construction loan made by Trustmark and subsequently
assigned to Bank Of America (and eventually to other lenders).
The second is an unrelated commercial loan by Trustmark to Word
and Worship Church.  These claims and the motions relating to
them are separately addressed.

<u>Legal Standards</u>

To survive a Rule 12(b)(6) motion to dismiss a complaint
for failure to state a claim upon which relief can be granted,
"a complaint 'does not need detailed factual allegations,' but
must provide the plaintiff's grounds for entitlement to relief—
including factual allegations that when assumed to be true
'raise a right to relief above the speculative level.'"
<u>Cuvillier v. Taylor</u>, 503 F.3d 397, 401 (5th Cir. 2007) (quoting
<u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555, 127 S. Ct. 1955,
167 L. Ed. 2d 929 (2007)).  In other words, the complaint "must
contain sufficient factual matter, accepted as true, to state a
claim for relief that is plausible on its face."  <u>Ashcroft v.</u>

2

Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (internal quotation marks and citation omitted).  "In determining whether a plaintiff's claims survive a Rule 12(b)(6) motion to dismiss, the factual information to which the court addresses its inquiry is limited to [ ] (1) the facts set forth in the complaint, (2) documents attached to the complaint, and (3) matters of which judicial notice may be taken under Federal Rule of Evidence 201."  Walker v. Beaumont Indep. Sch. Dist., 938 F.3d 724, 735 (5th Cir. 2019).

A motion for summary judgment under Federal Rule of Civil Procedure 56 requires the court to determine whether the moving party is entitled to judgment as a matter of law based on the evidence thus far presented.  Fed. R. Civ. P. 56(c).  Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Kee v. City of Rowlett, 247 F.3d 206, 210 (5th Cir. 2001).  A genuine issue of material fact exists if a reasonable jury could enter a verdict for the non-moving party.  Crawford v. Formosa Plastics Corp., 234 F.3d 899, 902 (5th Cir. 2000).  The court views all evidence in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor.  Id.

3

The 2007 Loan:

According to the allegations of the complaint, plaintiff owns two adjacent residential lots – Lots 21 and 22 - in the Beverly Heights subdivision in Jackson, Mississippi.  In May 2007, he obtained a $117,000 construction loan from Trustmark for the purpose of building a house on Lot 21, but the Deed of Trust he executed in favor of Trustmark mistakenly identified the lot on which the house was being built as Lot 22.  Plaintiff was unaware of the error; but he alleges "[u]pon information and belief, Trustmark had reason to know the lot was incorrect" and rather than taking action to correct the error, Trustmark, in February 2012, conveyed the Deed of Trust to Bank of America.

When Bank of America subsequently learned that plaintiff had built the house on Lot 21 rather than on Lot 22, on which it held the Deed of Trust, it issued a Notice of Acceleration and on October 28, 2014, filed suit against plaintiff for fraud, breach of contract and unjust enrichment, demanding recovery of the $109,633.11 balance due on the loan.  The litigation was eventually resolved and on May 1, 2017, a Consent Order and Final Judgment was entered, which provided that the Deed of Trust would be reformed to cover Lot 21.  In the meantime, Bank of America had instructed plaintiff to cease making mortgage payments while the litigation was pending, and it refused to accept any payments while the litigation was ongoing.  Once the

4

litigation ended, plaintiff resumed making mortgage payments under a modification agreement.

Plaintiff alleges that, unbeknownst to him, in 2017, Bank of America reported his loan as delinquent, even though Bank of America had directed him to cease payments and had refused to accept any mortgage payments while the parties were in litigation.  Not only that, it also negligently reported that plaintiff had two mortgage loans, when in fact, there was only one.  And, "[t]o add insult to injury, [Bank of America] added interest [to the loan balance during the time it] would accept no payments," and as a result, "the loan's balance ballooned to more than the house is worth."

Plaintiff contacted TransUnion to complain about his credit report/score in September 2023 and learned that Bank of America had reported the incorrect loan history information.  He attempted to correct Bank of America's reporting errors by disputing them with Bank of America and TransUnion (which he has also sued), but they "refused to correct the matter when asked."[1]  He has also communicated on multiple occasions with Bank of America and Newrez, the company allegedly contracted by Bank of

_____

[1]     He adds that he has insisted that TransUnion delete outdated information on his credit report, i.e, information that is over seven years old, but TransUnion has willfully failed to do this.

America to service the loan, in an attempt to resolve the dispute regarding his credit and the size of the mortgage, but his efforts have been unsuccessful.  Further, he alleges he learned in December 2023 that whenever he has contacted Newrez to discuss his loan situation, NewRez has added legal fees onto his mortgage "in violation of the Truth in Lending Act."  He avers that Bank of America's and Newrez's actions have "made [his] mortgage balance almost impossible to pay" and constitute "predatory lending."

Based on these allegations, plaintiff has undertaken to assert claims against Trustmark for violating the Truth in Lending Act (TILA), 15 U.S.C. §§ 1601 et seq., and the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 et seq., based on its failure to correct the error in the 2007 Deed of Trust.  He asserts claims against Bank of America and Newrez for breach of the duty of good faith and fair dealing and for alleged violations of the FCRA and TILA by "suppling negative inaccurate credit information to creditors" and "shirking [their] duty to investigate disputed information."

<u>Newrez Motion to Dismiss</u>

Plaintiff has purported to assert TILA and FCRA claims against Newrez based on its having allegedly provided inaccurate information to TransUnion, a credit reporting agency, and having failed to conduct a reasonable investigation after receiving

notice of a dispute as to the accuracy of the information.  He also asserts a state law claim for breach of the duty of fair dealing.  Newrez seeks dismissal of all these claims.

The TILA was enacted as part of the Consumer Credit Protection Act of 1968 "to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit, and to protect the consumer against inaccurate and unfair credit billing ... practices."  15 U.S.C. § 1601(a).  It imposes certain disclosure requirements on creditors and provides for a private right of action against a creditor who fails to comply.  See 15 U.S.C. §§ 1601-1667f, and Regulation Z, 12 C.F.R. § 226 (prescribing disclosure requirements); 15 U.S.C. § 1640 (providing right of action).  The TILA's disclosure requirements apply to creditors only, "which does not include mortgage servicers 'unless the servicer is or was the owner of the obligation.'" Garcia v. Univ. Mortg. Corp., No. 3:12-CV-2460-L, 2013 WL 1858195, at *6 (N.D. Tex. May 3, 2013) (quoting 15 U.S.C. §§ 1602(g), 1641(f)(1)); see also Consumer Sols. REO, LLC v. Hillery, No. C-08-4357 EMC, 2010 WL 144988, at *3 (N.D. Cal. Jan. 8, 2010) (noting that "TILA allows for a suit against a creditor or an assignee but not a servicer except under narrow circumstances").

Here, while the complaint generally asserts that Newrez violated the TILA by "supplying negative inaccurate credit information to creditors" and "shirking [its] duty to investigate disputed information," significantly, it clearly alleges that after Trustmark assigned the loan to Bank of America and that Bank of America then engaged Newrez as the loan servicer. As the complaint affirmatively alleges that Newrez is merely a loan servicer, as a matter of law, it cannot be liable under the TILA.

In his response to the motion, plaintiff asks that he be allowed to amend the complaint if the court determines he has not stated a claim. The Fifth Circuit has cautioned that "district courts should not dismiss pro se complaints pursuant to Rule 12(b)(6) without first providing the plaintiff an opportunity to amend, unless it is obvious from the record that the plaintiff has pled his best case[,]" Hale v. King, 642 F.3d 492, 503 (5th Cir. 2011), or it is apparent the amendment would be futile, LaCroix v. Marshall County, Miss., 409 Fed. Appx. 794, 802, 2011 WL 396476, 7 (5th Cir. Feb. 3, 2011). An amendment will not cure the deficiency in plaintiff's TILA claim and would therefore be futile. Accordingly, this claim against Newrez will be dismissed.

Under the FCRA, entities that furnish information to consumer reporting agencies have obligations to provide accurate

information, 15 U.S.C. § 1681s-2(a), and to investigate the accuracy of the information they have provided when they receive notice that their information is being disputed, 15 U.S.C. § 1681s-2(b).  Devoll v. Fleet Bank, No. SA-06-CA-870-XR, 2007 WL 1889227, at *1 (W.D. Tex. May 1, 2007).  There is no private cause of action for alleged violations of § 1681s-2(a), and therefore, any putative claim premised on a violation of this subsection fails as a matter of law.  Young v. Equifax Credit Info. Servs., Inc., 294 F.3d 631, 639 (5th Cir. 2002) (observing that under its plain language, "enforcement of Section 1681s-2(a) shall be by government officials, 15 U.S.C. § 1681s-2(d).").  However, "[t]he FCRA creates a private cause of action to enforce § 1681s-2(b)."  Hall v. LVNV Funding, L.L.C., No. 17-41023, 738 F. App'x 335, 336 (5th Cir. Sept. 26, 2018).  To state a claim under this section, a plaintiff must allege:

> (1) the furnisher provided inaccurate credit information about Plaintiff to a CRA; (2) Plaintiff notified a [credit reporting agency (CRA)] that this information in his or her credit report was inaccurate; (3) the CRA notified the furnisher of the dispute; and (4) after receiving this notice, the furnisher failed to conduct a reasonable investigation and provide notice to the CRA to correct the reporting errors.

Miller v. Hope Fed. Credit Union, No. 1:22-CV-005-SA-DAS, 2022 WL 1207152, at *3 (N.D. Miss. Apr. 22, 2022).  Newrez points out that plaintiff's complaint fails to satisfy the third element as it does not allege that any credit reporting agency notified

Newrez that plaintiff had notified the credit reporting agency of inaccurate information.  See Schoch v. Wells Fargo Home Mortg., Civ. Action No. 4:16-CV-619-ALM-CAN, 2017 WL 2385626, at *4 (E.D. Tex. Apr. 11, 2017) (recognizing that notice of dispute directly from the consumer rather than from credit reporting agency does not trigger the furnisher's duties under § 1681s-2(b) (citing Gorman v. Wolpoff & Abramson, LLP, 552 F.3d 1008, 1014 (9th Cir.), opinion amended and superseded on other grounds, 584 F.3d 1147 (9th Cir. 2009)).  In his complaint, plaintiff alleges that he notified both TransUnion, a credit reporting agency, and Newrez that he disputed the information reported by Newrez to TransUnion, but he does not specifically allege that TransUnion notified NewRez of the dispute.  However, because "pro se complaints are held to 'less stringent standards than formal pleadings drafted by lawyers'" and because "[p]laintiff, may not, at this time, be in a position to allege that information," the court will deny Newrez's motion to dismiss.  See id. (denying Rule 12(b)(6) motion to dismiss pro se plaintiff's complaint which failed to allege that credit reporting agency notified furnisher of dispute).[2]

---

[2]     The Schoch court cited several cases supporting its reasoning, as follows:  Carlson v. Trans Union, LLC, 259 F. Supp. 2d 517, 520 (N.D. Tex. 2003) (liberally construing pro se plaintiff's complaint to adequately allege that credit reporting agency notified furnisher and denying 12(b)(6) motion); Ori v. Fifth Third Bank, 674 F. Supp. 2d 1095, 1097 (E.D. Wis. 2009)

Plaintiff's final claim against Newrez is that it breached its duty of good faith and fair dealing.  This claim will be dismissed.  Under Mississippi law, "all contracts contain an implied covenant of good faith and fair dealing in performance and enforcement."  Gulf Coast Hospice LLC v. LHC Grp. Inc., 273 So. 3d 721, 744 (Miss. 2019) ("[D]uty of good faith and fair dealing arises from the existence of a contract between parties.").  A claim for breach of this duty does not lie in the absence of a contractual relationship, Rhodes v. State Farm Fire & Cas. Co., No. 1:08-cv-674, 2009 WL 563876, at *4 (S.D. Miss. Mar. 4, 2009) ("Because [plaintiff] was not a party to the contract, he had no implied duty of good faith and fair dealing with regard to the performance of the contract, and, as such, cannot be held liable under a bad faith theory of recovery."); and plaintiff's complaint herein does not allege either the existence of any contract with Newrez or any facts to arguably suggest that plaintiff was ever in a contractual relationship with Newrez.  In his response to Newrez's motion in which Newrez

---

("[I]f a plaintiff alleges that he notified a CRA that he disputed reported information, he need not also allege that the CRA notified the furnisher of the disputed information because it would be unlikely that he would know whether this was so."); Davis v. Trans Union, LLC, 526 F. Supp. 2d 577 (W.D.N.C. 2007) ("Without the benefit of discovery at the pleading stage of litigation, the Plaintiff would presumably lack the knowledge of whether Defendant received notice [from a CRA] within five days, and adopting such a burdensome requirement would be contrary to the goals of notice pleadings.").

makes this point, plaintiff argues that he was in a contractual relationship <u>with Bank of America</u> but he does not contend that there was any such relationship with Newrez.  Accordingly, the complaint fails to state a claim against Newrez for breach of the duty of food faith and fair dealing, and as plaintiff has not contended otherwise in his response, the court concludes he has pled his "best case" and there is no valid reason, therefore, to extend him an opportunity to amend as to this putative claim.

<u>Bank of America's Motion to Dismiss</u>

Plaintiff's TILA claim against Bank of America centers on actions it allegedly took in 2017.[3]  Specifically, he claims that Bank of America failed to disclose "the true finance or interest to Plaintiff when it refused to take a payments or modified the loan."  A claim for damages for a violation of TILA's disclosure requirements must be brought within one year from the date of

---

[3]   To the extent that plaintiff purports to premise a TILA claim against Bank of America for reporting information to a consumer credit reporting agency, he has failed to state a claim.  <u>See</u> <u>Dubose v. TD Bank, N.A.</u>, No. CV 23-1192 PJM, 2023 WL 3867246, at *2 (D. Md. June 7, 2023) ("Dubose also has not alleged why TD Bank's reporting of information to a consumer reporting agency implicates the TILA, whose purpose is to protect consumers from unfair and predatory lending practices. Therefore, he has also failed to state a claim under the TILA.").

the occurrence of the violation.  See 15 U.S.C. 1640(e).  A violation occurs at the time the loan is consummated.  Moor v. Traveler's Ins. Co., 784 F.2d 632, 633 (5th Cir. 1986).  Non-disclosure is not a "continuing violation for purposes of the statute of limitations."  Id.  Plaintiff filed this lawsuit on February 9, 2024, well over a year after the alleged failure to disclose.  Therefore, any claim for damages under TILA for non-disclosure is time-barred and will be dismissed.  See Thompson v. Deutsche Bank Nat. Tr. Co., 775 F.3d 298, 302 (5th Cir. 2014) (recognizing that while statute of limitations is usually pled as an affirmative defense, "[a] statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like.") (quoting Jones v. Alcoa, Inc., 339 F.3d 359, 366 (5th Cir. 2003)).

Plaintiff alleges that Bank of America violated the FCRA by inaccurately reporting to consumer credit report agencies in 2017 that he had two mortgages and had made late payments and also by failing to investigate and correct this inaccurate information once it was brought to its attention in September 2023.  Initially, the court acknowledges Bank of America's argument that any FCRA claim plaintiff may wish to pursue is time-barred; however, this issue cannot be resolved on a motion

to dismiss and the court, in its discretion, elects not to convert Bank of America's motion to one for summary judgment. Pursuant to § 1681p, an FCRA action must be brought within two years after the date of plaintiff's discovery of the alleged violation, § 1681p(1) or within five years of the date of the violation, § 1681p(2), whichever is earlier.  Bank of America argued in its opening brief that any FCRA claim based on the alleged 2017 credit reporting issue was subject to the five-year period in § 1681p(2) and therefore had to be brought, at the latest, in 2022.  However, plaintiff's only potentially viable claim, see infra p. 16, is that Bank of America failed to conduct a reasonable investigation once it was notified by a credit reporting agency of plaintiff's dispute, which the complaint alleges occurred some years later, in September 2023. Although that is what the complaint alleges, plaintiff has submitted in response to the pending motions a 2020 letter which he purportedly sent to Bank of America in which he complained about its inaccurate reporting of late payments to credit reporting agencies and requested that Bank of America remove this information from his credit report.  In its rebuttal, Bank of America cites the letter as proof that plaintiff actually knew of the alleged FCRA violation in 2020, which it contends "reinforces the time-bar on the FCRA claim," albeit based on the two-year limitations period provided in § 1681p(1).  This

14

period, it argues, began running no later than March of 2020, and therefore, any FCRA claims herein, having been brought in 2024, are time-barred.  This issue, if considered by the court, might create an issue of fact as to when plaintiff discovered the basis of his FCRA claim(s).[4]  The court, however, elects not to consider extraneous exhibits on the present motion, which would require converting Bank of America's motion to a summary judgment motion.  See Fed. R. Civ. P. 12(d); see also Isquith v. Middle S. Utils., Inc., 847 F.2d 186, 193 n.3 (5th Cir. 1988) (court has discretion whether to convert Rule 12(b)(6) motion to summary judgment motion).

On the merits, as with his claim against Newrez, any claim by plaintiff against Bank of America for violation of § 1681s-2(a) will be dismissed, since the law provides no private right of action, see supra p. 9, but also as with Newrez, the court will deny the motion to dismiss his claim against Bank of America under § 1681s-2(b), see supra pp. 10-11.

Plaintiff has undertaken to state a claim against Bank of America for breach of the duty of good faith and fair dealing. Bank of America submits that the complaint fails to state such a

---

[4]    The letter addresses only plaintiff's complaints about the late fees appearing on his credit report.  It does not mention the fact that Bank of America allegedly erroneously reported two mortgages.  There is nothing in the record bearing on this question.

claim because it is wholly conclusory, though this is a
deficiency which could potentially be remedied by an amendment
to the complaint.  It also argues, however, that the claim is
time-barred, a defect which cannot be remedied by an amendment.

Claims for breach of the duty of good faith and fair
dealing are governed by the three-year statute of limitations
under Mississippi Code Annotated § 15-1-49(1).  See Fletcher v.
Lyles, 999 So. 2d 1271, 1276 (Miss. 2009).  Plaintiff alleges he
was in a contractual relationship with Bank of America that
began after his loan was assigned by Trustmark to Bank of
America and which continued pursuant to a loan modification
following the conclusion of his litigation with Bank of America;
and he alleges that Bank of America engaged in conduct which
amounted to a breach of the duty of good faith and fair dealing
implied in their contract.  In its motion, Bank of America
asserts that any contractual relationship with plaintiff ended
on June 7, 2019, when it assigned its interest in plaintiff's
loan to U.S. Bank National Association, not in its individual
capacity but solely as Trustee for the NRZ-Pass-Through Trust
VII.  In support of this assertion, it has submitted and asks
the court to take judicial notice of a Notice of Assignment in
the land records of the Hinds County Chancery Clerk confirming
this assignment.  Bank of America argues that any conduct which
predated June 7, 2019 that plaintiff may allege was a breach of

16

the duty of good faith and fair dealing is barred by the statute of limitations and that any such alleged conduct occurring after June 7, 2019 fails because from that date on, he had no contractual relationship with Bank of America.  The court may and does take judicial notice of Bank of America's transfer of its interest in the mortgage on June 7, 2019.  See Norris v. Hearst Tr., 500 F.3d 454, 461 n.9 (5th Cir. 2007) (holding that it is proper in deciding a Rule 12(b)(6) motion to take judicial notice of matters of public record).  As the parties' mortgagee/mortgagor relationship ended in 2019, it follows that plaintiff's claim is time-barred to the extent it is based on pre-assignment conduct and fails as a matter of law as to any post-assignment conduct due to the lack of a contract between him and Bank of America.  This claim will therefore be dismissed.

Trustmark's Motion Re: the 2007 Loan

Plaintiff asserts claims against Trustmark under the TILA and FCRA and for breach of the duty of good faith and fair dealing based on its failure to correct the error in the legal description in the 2007 Deed of Trust and its having assigned the Deed of Trust to Bank of America with the wrong legal description, which led to the litigation between plaintiff and Bank of America and plaintiff's resulting problems with his credit report.  Trustmark correctly argues that these claims

17

should be dismissed because, among other reasons, they all are clearly time-barred.  As previously discussed, the applicable statutes of limitations on these claims are as follows: TILA, one year, see supra p. 13; FCRA, two or five years, see supra p. 14; and breach of the duty of good faith and fair dealing, three years, see supra p. 16.  No valid argument can be made that these claims are not time-barred.  Not only did Trustmark assign the loan to Bank of America in 2012, twelve years before plaintiff filed this lawsuit, but plaintiff became aware of the error in the Deed of Trust's legal description in 2014, ten years before filing this lawsuit.  It is thus obvious that any claim he could possibly assert accrued and became barred many years before he filed this lawsuit.  Therefore, his complaint against Trustmark relating to the 2007 loan will be dismissed.

Trustmark's Motion Re: the 2011 Word and Worship Loan

Plaintiff is the pastor of Word and Worship Church (the Church) located at 6286 Hanging Moss Road in Jackson.  In April 2011, the Church obtained a $1,060,371.50 loan from Trustmark, payable over five years and secured by a deed of trust on the Church property.  The Church refinanced the loan with Trustmark in 2016 for twelve months, and again in 2017 for a five-year term.  After the Church fell behind on its payments starting in late 2018 and continuing into 2019, it again approached Trustmark about refinancing the loan.  In connection with its

consideration of the Church's request to refinance, Trustmark obtained an appraisal which, as of June 2019, valued the property at $770,000.  Plaintiff alleges, upon information and belief, that Trustmark intends to nonrenew the note and to use the church building for a warehouse.  He asserts that, "to accomplish this design," Trustmark, in violation of the Fair Housing Act (FHA), 42 U.S.C. § 3601, et seq., and the Equal Credit Opportunity Act (ECOA), 15 U.S.C. § 1691, et seq., "has engaged in predatory, redlining practices whereby it caused an appraisal to be done on [the Church property] containing comparables of warehouses lowering its square footage price significantly rather than using comparables of nearby church edifices…."  He further charges that Trustmark has engaged in harassing, abusive practices that violate the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, et seq., in particular, by calling repeatedly in a day demanding payment. And he alleges that a Trustmark representative has "demanded and pressured Plaintiff for large numbers of tickets to sporting events which Plaintiff has struggled to provide all the while struggling to pay the mortgage."[5]

---

[5]    Trustmark argues in its motion that plaintiff lacks standing to assert any claim relating to this loan because Word and Worship Church was the borrower, not plaintiff.  Trustmark is correct, and the court could dismiss the complaint as to the loan on this basis.  However, plaintiff has stated that if the court finds he lacks standing, Word and Worship Church would

As Trustmark correctly argues in its motion, there can be no viable FHA claim relating to the Church's loan because this was a commercial loan and the FHA applies only to residential loans.  See 42 U.S.C. § 3613; Texas United Housing Program, Inc. v. Wolverine Mortgage Partner Retirement, No. 3:17-cv-977-L, 2017 WL 3822754, at *8 (N.D. Tex. July 18, 2017) ("The principle that the FHA applies to residences, rather than commercial properties, is well-settled.").  Moreover, the limitations period under the FHA is two years and therefore, any claim under the FHA relating to the 2020 refinance (and appraisal obtained in connection with that transaction) accrued more than two years before plaintiff filed his complaint in this cause.  See 42 U.S.C. § 3613(a)(1)(A); Meadowbriar Home for Child., Inc. v. Gunn, 81 F.3d 521, 533 (5th Cir. 1996) (statute of limitations for FHA actions is two years).

Unlike the FHA, the ECOA, which plaintiff has also cited in his complaint, does apply to commercial transactions.  See Bagley v. Lumbermens Mut. Cas. Co., 100 F. Supp. 2d 879, 882 (N.D. Ill. 2000) (ECOA applies to commercial loans).  Moreover, it has a five-year statute of limitation, making an ECOA claim based on a 2020 loan transaction timely.  See 15 U.S.C. §

---

move to intervene.  However, as the claims fail on the law and/or facts in any event, any motion by the Church to intervene would be denied on futility grounds.

1691e(f).  However, there is no cognizable claim under the ECOA
for other reasons, including, most fundamentally, that this
claim is based on a factually false premise.  That is, this
claim is based solely on a charge that the appraisal ordered by
Trustmark used a warehouse as a comparable sale to arrive at the
value of the Church property.  Trustmark has presented
uncontroverted evidence that, in fact, the appraiser did not use
any warehouse in analyzing comparable sales and instead, used as
comparable sales four churches in the Jackson metropolitan area.
Trustmark's motion will therefore be granted as to this claim.

Among other reasons, the FDCPA claim fails as a matter of
law and will be dismissed because the FDCPA applies only to
third-party debt collectors, not to mortgage lenders that
attempt to collect debts owed to them.  See Cirino v. Bank of
America, N.A., Civil No. 1:14cv240-HSO-RHW, 2015 WL 5752105, at
*6 (S.D. Miss. Aug. 26, 2015) ("Mortgage companies and the
entities which service mortgages are not considered 'debt
collectors' under the FDCPA.").

Lastly, while plaintiff alleges a Trustmark employee
pressured him for tickets to sporting events, he does not link
this factual allegation to any claim for relief.

Plaintiff's Motion to Stay

Plaintiff recently filed a motion asking the court to stay
or enjoin the following until after this litigation has

concluded:  foreclosure proceeding by either Newrez (on the
residential property) or by Trustmark (on the church property);
nonrenewal of the loan on the church property; and reporting by
Newrez to credit reporting agencies that the residential
property is the subject of foreclosure proceedings.

As the court has determined that Trustmark's motion to
dismiss or for summary judgment should be granted, the motion to
stay is moot as to Trustmark.

In the motion, plaintiff states that he recently learned
when he attempted to obtain a loan that Newrez had reported to
credit reporting agencies that foreclosure proceedings had been
instituted against his residential property (Lot 21) in April
2024.  He claims this is inaccurate, because the foreclosure
proceedings commenced in April were subsequently cancelled in
May (after he filed this lawsuit); and he claims this reporting
by Newrez has negatively impacted his credit, causing his credit
score to drop.  These facts do not support injunctive relief.

First, the report was not inaccurate, as foreclosure
proceedings were initiated in April 2024.  Further, injunctive
relief is available only on the basis of a viable cause of
action (and only where all requirements for injunctive relief
are satisfied).  As the court has held supra, p. 10, there is no
private right of action for inaccurate reporting and thus no

viable claim that would support his request for injunctive relief.

<u>Conclusion</u>

Based on the foregoing, it is ordered that Trustmark's motion to dismiss, or for summary judgment is granted; Newrez's and Bank of America's motions to dismiss are granted in part and denied in part, as set forth herein; and plaintiff's motion to stay is denied.

SO ORDERED this 7th day of August, 2024.

/s/ Tom S. Lee
UNITED STATES DISTRICT JUDGE